John D. Roesser
Samuel S. Kohn
WINSTON & STRAWN LLP
200 Park Avenue
New York, New York 10166
Phone: 212-294-6700

*Proposed Attorneys for the Official
Committee of Unsecured Creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
In re:                              :
                                    :  **CHAPTER 11**
    EXETER HOLDING, LTD.           :
                                    :  **Case No. 11-77954 (AST)**
        Debtor.             :
                                    :
                                    :
------------------------------------X

**DECLARATION OF SAMUEL S. KOHN IN SUPPORT OF APPLICATION FOR
ORDER UNDER 11 U.S.C. §§ 328 AND 1103 AND FED. R. BANRK. P. 2014
AUTHORIZING THE RETENTION OF WINSTON & STRAWN LLP
AS ATTORNEYS FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
*NUNC PRO TUNC* AS OF MARCH 8, 2012**

        I, Samuel S. Kohn, hereby declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following is true and correct:

        1.    I am a partner at the firm of Winston & Strawn LLP ("Winston & Strawn"), which maintains an office for the practice of law at 200 Park Avenue, New York, New York 10166-4193, among other places.  Except as otherwise indicated, I have personal knowledge of the matters set forth herein and if called as a witness, would testify competently thereto.[1]

        2.    I make this Declaration in support of the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of Exeter Holding, Ltd. (the

---

[1] Certain of the disclosures herein relate to matters within the knowledge of other attorneys and staff at Winston & Strawn and are based on information provided by them.

NY:1385199.3

"Debtor") for entry of an order, pursuant to sections 328 and 1103 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the Committee to employ Winston & Strawn as its attorneys.

**Formation of Committee and Selection of Winston & Strawn LLP as Counsel**

3.     Winston & Strawn was selected as Committee counsel as set forth in the Application submitted herein and signed by the Chair of the Committee.

**Qualifications of Professionals**

4.     Winston & Strawn, founded in 1853, is one of the nation's oldest and largest law firms.  With nearly 1000 attorneys in its domestic and international offices, the firm provides a full range of legal services to clients throughout the United States and abroad, including Fortune 500 companies, major commercial and financial institutions, governments and governmental entities, as well as small and midsize companies, individuals and entrepreneurs from virtually every industry.

5.     Winston & Strawn's areas of practice include antitrust, asset securitization, banking, bankruptcy, workouts and financial restructurings, commercial lending, contracts, corporate, corporate finance, e-commerce, employee benefits and executive compensation, energy, environmental law, healthcare, immigration, intellectual property, international, labor and employment relations, lease finance, litigation, maritime, mergers and acquisitions, product liability, project finance, public finance, real estate, securities, state and federal governmental relations and regulatory affairs, tax, technology, telecommunications, transportation, trusts and estates and white collar criminal defense.

6.     Winston & Strawn has an extensive restructuring and insolvency practice, representing debtors, committees, creditors, and other parties in interest in cases under the Bankruptcy Code and in out-of-court debt restructuring and workouts.  Winston & Strawn's Restructuring and Insolvency Group comprises of approximately 40 attorneys.  In addition to the attorneys who specialize in restructuring and insolvency law, Winston & Strawn has the resources to call upon attorneys with experience in employment relations, tax, intellectual

property, corporate and financing law, and litigation, to deal with issues that may arise in this case under the Bankruptcy Code.

### Prior Employment

7. For a six-week period, between January 3, 2012 and March 8, 2012, Winston & Strawn represented creditors Larry Lawrence, Frank Lawrence, Daniel Lawrence and Leslie Whitney in their individual capacities. Winston & Strawn's role was to monitor this chapter 11 case on behalf these creditors, and did not file any pleadings or take any affirmative action on behalf of such creditors in this chapter 11 case. Winston & Strawn terminated its representation of these creditors on March 8, 2012.

### Services To Be Rendered

8. The Committee has requested that Winston & Strawn render the following services in this case:

(a) Provide legal advice to the Committee with respect to its duties and powers in this case;

(b) Assist the Committee in its investigation of the acts, conduct, assets, liabilities, financial condition of the Debtor, and operation of the Debtor's businesses;

(c) Assist the Committee in evaluating claims against the estate, including analysis of and possible objections to the validity, priority, amount, subordination, or avoidance of claims and/or transfers of property in consideration of such claims;

(d) Assist the Committee in participating in the formulation of a chapter 11 plan, including the Committee's communications with unsecured creditors concerning any such plan; and

(e) Perform such other legal services as may be required or which are in the interests of unsecured creditors.

9. Subject to this Court's approval of the Application, Winston & Strawn is willing to serve as the Committee's counsel and to perform the services described above. Based upon the experience and expertise of Winston & Strawn, I believe that Winston & Strawn is well qualified to represent the Committee.

**Parties Searched**

10. In connection with the Application and this Declaration, Winston & Strawn took the following actions to ensure compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and other applicable rules, regulations and guidelines with respect to the retention and employment of professionals by debtors:

   a. Using information filed by the Debtor, Winston & Strawn compiled a list of significant parties in the Debtor's Chapter 11 case. The list includes both the Debtor and its officers and directors; the Debtor's equity shareholders; the Debtor's secured creditors; the Debtor's significant unsecured creditors; the Debtor's professionals; and other potential parties-in-interest (collectively, the "Bankruptcy Parties List").

   b. Winston & Strawn conducted a search of its client database (the "Client Database"), comprised of the names of each current and certain former clients, the names of parties who are or were related or adverse to such current or former clients, and the names of the Winston & Strawn personnel who are or were principally responsible for the current or former matters for such clients to identify any potential match with a person or entity identified as a result of the search.

   c. Winston & Strawn reviewed the matches between the Client Database and the persons or entities identified on the Bankruptcy Parties List and eliminated obvious name coincidences. The remaining client representations and connections were compiled for purposes of this Declaration.

11. I caused a general notification to be sent by e-mail to all Winston & Strawn attorneys advising them of Winston & Strawn's intent to represent the Committee as described above and requesting that each attorney advise whether such attorney is aware of any client or representation of Winston & Strawn that is adverse to the parties on the Bankruptcy Parties List.

12. To the best of my knowledge, and as qualified in its entirety by this declaration, after the investigation described above, Winston & Strawn does not hold, or represent any entity holding, an interest adverse to its representation to the Committee.

## Connections of Professionals

13. To the best of my knowledge and based on the investigation described above Winston & Strawn does not currently represent any clients (other than the Committee) in connection with the Debtor or this case.

14. To the best of my knowledge and based upon the investigation described above, no attorney of Winston & Strawn is related to any United States District Judge or a United States Bankruptcy Judge in this District or to the United States Trustee for such Region or any employee thereof.

## Disinterestedness of Professionals

15. Winston & Strawn is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that, Winston & Strawn, its members, counsel and associates:[2]

    a. are not or were not a creditor, an equity security holder or an insider of the Debtor;

    b. are not and were not, within 2 years before the Petition Date, a director, officer or employee of the Debtor; and

    c. do not have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reasons of any direct or indirect relationship to, connection with or interest in the Debtor or for any other reason.

16. Winston & Strawn has no connection with any of the parties listed in Schedule 1 hereto, except as stated in Paragraph 7 above.

17. In the event that the information disclosed herein requires modification, or additional information becomes available to Winston & Strawn with respect to any other significant relationship, connection or conflict which may exist between Winston & Strawn, its partners, counsel and associates and the Debtor, a creditor or other party-in-interest or any other

---

[2] The Debtor's shares are not publicly traded and to the Committee's knowledge no investment banker has been employed by the Debtor.

5

potentially adverse party, which may affect this chapter 11 case, Winston & Strawn will file a supplemental disclosure with the Court, and serve that supplemental disclosure on the U.S. Trustee and interested parties.

18. Based upon the foregoing, Winston & Strawn believes that it may act as attorneys for the Committee pursuant to section 1103 of the Bankruptcy Code.

**Professional Compensation**

19. Winston & Strawn has not received any advance fee or retainer for legal services.

20. Winston & Strawn will apply to the Court for approval of fees and expenses in accordance with applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules for the Bankruptcy Court for the Eastern District of New York, any other guidelines applicable to these bankruptcy cases, and the orders of this Court.

21. For professional services, Winston & Strawn has agreed that its fees are based in part on its current hourly rates charged for such services on a non-bankruptcy matter, which are periodically adjusted. Winston & Strawn will seek compensation for the services of each attorney and legal assistant acting on behalf of the Committee in these cases at the then current rates, except as follows: Winston & Strawn has discounted its rates for this engagement to conform with rates of local and national law firms practicing before this Court. Specifically, the customary hourly rates of Samuel S. Kohn and John D. Roesser (the two partners who will be working on this matter) will be discounted by over 15% and will each be billed at the rate of $650.00 per hour for services rendered in connection with this chapter 11 case during 2012,. It is anticipated that, for 2012, associates will be billed at rates ranging from $350.00 to $600.00 and legal assistants from $150.00 to $335.00. Winston & Strawn and the Committee have agreed that the firm will be reimbursed for its ordinary and necessary expenses, subject to the applicable rules of this District.

22. Other than as set forth above, no arrangement is proposed between the Committee, any creditor or other party in interest and Winston & Strawn for compensation to be

paid in these cases.

23. Except for arrangements among the members of Winston & Strawn and as permitted under section 504(b)(1) of the Bankruptcy Code, Winston & Strawn has no agreement with any other entity to share any compensation received, nor will any such sharing be made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of March, 2012 at New York, New York

/s/ Samuel S. Kohn
Samuel S. Kohn